UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

JAMES GUSTAVE MALOTT,

                Plaintiff,

v.

AMERICAN FOODS GROUP and
GREEN BAY DRESSED BEEF,

                Defendants.

Case No. 25-CV-1651-JPS

**ORDER**

---

        Plaintiff James Gustave Malott ("Plaintiff"), proceeding pro se, sues Defendants American Food Group and Green Bay Dressed Beef alleging that he is "being hit with large amounts of [r]adio frequency." ECF No. 1 at 6. Plaintiff moved to proceed without prepayment of the filing fee, or in forma pauperis. ECF No. 2. This Order screens Plaintiff's pro se complaint and addresses his pending motion. For the reasons discussed herein, the Court concludes that Plaintiff's complaint fails to state a claim upon which relief may be granted, and thus that his complaint cannot survive screening. The Court will dismiss Plaintiff's case without prejudice for lack of subject matter jurisdiction. It will further deny as moot his motion for leave to proceed in forma pauperis. ECF No. 2.

**1.    MOTION TO PROCEED IN FORMA PAUPERIS**

        A party proceeding pro se may submit a request to proceed without prepaying the filing fees, otherwise known as a motion to proceed in forma pauperis. "The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure [that] indigent litigants have meaningful access to the federal courts while at the same time prevent indigent litigants from filing

frivolous, malicious, or repetitive lawsuits." *Rodriguez v. Crim. Just. Facility Safety Bldg.*, No. 23-CV-394, 2023 WL 3467565, at *1 (E.D. Wis. Apr. 7, 2023) (citing *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)), *report and recommendation adopted sub nom. Rodriguez v. Crim. Just. Facility*, No. 23-CV-394-PP, 2023 WL 3467507 (E.D. Wis. May 15, 2023).[1]

To determine whether it may authorize a litigant to proceed in forma pauperis, the Court engages in a two-part inquiry. It must examine whether the litigant is able to pay the costs of commencing the action. 28 U.S.C. § 1915(a). The Court must also examine whether the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief"; if any of these criteria applies, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). Likewise, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). The Court engages in this part of the inquiry *infra* Section 3.

It follows that a litigant whose complaint does not clear the § 1915(e)(2) threshold or does not plead claims within the Court's subject matter jurisdiction, and whose case cannot proceed as a result, necessarily cannot reap the benefits of proceeding in forma pauperis. In other words, although in forma pauperis status ought to be granted to those

---

[1] Although 28 U.S.C. § 1915(a) specifically references "prisoner" litigants, it has been interpreted as providing authority for such requests by both prisoner and non-prisoner pro se litigants alike. *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 275–76 (6th Cir. 1997), *superseded by rule on other grounds as recognized by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1999); *see also Mitchell v. Farcass,* 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) ("Section 1915(e) applies to all [in forma pauperis] litigants—prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories.") (Lay, J., concurring)).

impoverished litigants "who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972), a pro se litigant's financial status is only part of the picture in determining whether the litigant's case may proceed without payment of the filing fee.

For the reasons stated *infra* Section 4, Plaintiff's allegations do not meet the criteria stated in 28 U.S.C. § 1915(e)(2). Accordingly, the Court will deny as moot Plaintiff's motion to proceed without prepaying the filing fee.

**2.    SCREENING STANDARD**

Notwithstanding the payment of any filing fee, the Court may screen a complaint and dismiss it or any portion thereof if it raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense. This is so even when the plaintiff has paid all fees for filing and service . . . ."); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the power to screen complaints filed by all litigants . . . regardless of fee status."). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The Court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327 (1989).

To state a claim, a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R.

CIV. P. 8(a)(2). This rule "requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003).

The complaint must give "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The allegations must "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level." *Kubiak v. City of Chicago*, 810 F.3d 476, 480 (7th Cir. 2016) (quoting *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)). Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). In reviewing the complaint, the Court is required to "accept as true all of the well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff." *Kubiak*, 810 F.3d at 480–81 (citing *Tamayo v. Blagojevich*, 516 F.3d 1074, 1081 (7th Cir. 2008)). However, the Court "need not accept as true 'legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements.'" *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (citing *Iqbal*, 556 U.S. at 678) (internal bracketing omitted).

### 3. RELEVANT ALLEGATIONS

Plaintiff asserts that he is "being hit with large amounts of [r]adio frequency" and that the radio frequency is causing "pain." ECF No. 1 at 6. The complaint is bare of additional allegations. Plaintiff sues for a violation of federal employment discrimination law and seeks that the "[r]adio frequency" being directed at him be "stopped." *Id.* at 1, 6.

Plaintiff mentions that the Court may "reference Case No. 25[-]CV[-]819." *Id.* The Court believes this is a reference to *Malott v. American Foods Group LLC, et al.*, No. 25-CV-819-SCD (E.D. Wis. 2025) ("*American Foods*"). In *American Foods*, Plaintiff alleged that his former employer caused him pain by directing radio frequencies at his body. *See American Foods*, ECF No. 1. Similarly to here, in *American Foods* Plaintiff sought the relief that all radio frequency being directed at him be "proven and removed." *Id.* at 13. *American Foods* was ultimately dismissed for lack of subject matter jurisdiction. *Id.*, ECF No. 33.

4.  **SCREENING ANALYSIS**

Plaintiff's case must be dismissed because the Court lacks subject matter jurisdiction over his claims. *McCready v. White*, 417 F.3d 700, 702 (7th Cir. 2005) ("Ensuring the existence of subject-matter jurisdiction is the court's first duty in every lawsuit." (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83 (1998))). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citing *Willy v. Coastal Corp.*, 503 U.S. 131, 136–37 (1992); *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986); and *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951)). A federal court has subject matter jurisdiction over claims if either (1) those claims arise "under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or (2) "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between . . . citizens of different States," 28 U.S.C. § 1332(a)(1). Neither apply here.

While Plaintiff asserts that he is suing for a violation of federal employment discrimination law, ECF No. 1 at 1, he references no federal

law that applies to his injuries, *see generally id.*, and thus does not indicate a basis for jurisdiction. The Court is not independently aware of any federal law or Constitutional right that allows an individual to sue someone for directing radio frequency at them. Further, because Plaintiff only seeks equitable relief, the Court does not have diversity jurisdiction under § 1332(a)(1) because the amount in controversy is $0.

5. **CONCLUSION**

While the Court is sympathetic to Plaintiff's pain, it is nevertheless constrained to dismiss Plaintiff's case without prejudice for lack of subject matter jurisdiction. The Court will thus deny as moot Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 2. Additionally, the Court warns Plaintiff that if he continues to file actions in this District related to the direction of radio frequency at his body, he may be subject to sanctions, including the imposition of a filing bar on such actions.

Accordingly,

**IT IS ORDERED** that Plaintiff James Gustave Malott's motion for leave to proceed in forma pauperis, ECF No. 2, be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for lack of subject matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 13th day of November, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

This Order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **thirty (30)** days of the entry of judgment. See FED. R. APP. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. *See* FED. R. APP. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The Court cannot extend this deadline. *See* FED. R. CIV. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The Court cannot extend this deadline. *See id.* A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.